# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY S. WAINRIGHT and JENNIFER LECHTER<br><br>Plaintiffs<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE SEASONED LOAN TRUST 2006-1, AND OCWEN LOAN SERVICING, LLC<br><br>Defendants | CIVIL ACTION NO. 3:10-CV-01637-ARC<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss the Plaintiff's Complaint. (Doc. 5.) For the reasons discussed more fully below, Defendants' Motion to Dismiss will be denied.

## BACKGROUND

Plaintiffs owned a home at 298 Packer St., Weatherly, Pennsylvania 18255, which was their residence. After getting behind on their mortgage payments, Defendant Bank of America filed a foreclosure action in the Court of Common Pleas of Carbon County Pennsylvania on November 25, 2009, and a Sherriff's Sale was set for March 2010. In late November, 2009, Plaintiffs contacted their mortgage servicer, Defendant Ocwen Loan Servicing ("Ocwen"), in an attempt to work out their mortgage arrears and become current on their mortgage. When paperwork was submitted, Plaintiffs allege they were repeatedly

told that the Sheriff's Sale would be postponed while it was determined whether or not Plaintiffs qualified for a loan modification. (Compl. ¶ 26.) They received paperwork stating the same. (Compl. ¶ 27.) After allegedly being told in March 2010 that their HAMP application was in the process of final review and that the trial period for their modification would begin in May 2010, Plaintiffs learned on May 18, 2010 from a real estate agent that their home had in fact been sold at a Sheriff's Sale on May 14, 2010. (Compl. ¶ 35.) On June 7, 2010, Plaintiffs filed a Petition to Set Aside the Sheriff's Sale. Defendant Bank of America opposed the Petition and it was denied on July 9, 2010. Plaintiffs then brought the instant suit in state court on July 19, 2010.

In their Complaint, Plaintiffs claim that they were intentionally misled into not pursuing their rights in the foreclosure action with promises from the Defendants of a loan modification. The Plaintiffs' Complaint alleges: (1) Common Law Fraud; (2) Unfair Trade Practices; (3) Negligence; (4) Intentional Infliction of Emotional Distress; and (5) Injunctive Relief. Defendants removed the suit to federal court on August 6, 2010 (Doc. 1) and then filed a Motion to Dismiss on August 11, 2010 (Doc. 5). Plaintiffs Motion for Preliminary Injunction was denied on September 7, 2010. (Doc. 20.) In their Motion to Dismiss, Defendants argue that Plaintiffs are essentially asking this Court to overturn the final judgment of a state court in the foreclosure matter and re-litigate issues in federal court which have already been litigated in state court. Defendants contend that, as a result, this Court lacks subject-matter jurisdiction to hear the suit, being prohibited on both *Rooker-Feldman* and preclusionary grounds.

2

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not

alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

### I. **Lack of Subject-Matter Jurisdiction**

Defendants argue that this Court lacks subject-matter jurisdiction to hear Plaintiffs' Complaint because it seeks to overturn a final state court judgment in federal court. According to the Defendants, Plaintiffs had two legitimate ways to challenge the foreclosure proceeding: appeal the foreclosure, which they did not, or file a motion to set aside the judgment, which they did and which was denied. As a result, the instant suit is according to Defendants a surreptitious attempt by Plaintiffs to re-litigate issues in federal court which they have already lost on in state court.

However, Plaintiffs argue that they are not seeking to collaterally attack the Sheriff's Sale or have the state court final judgment overturned. Rather, they are suing Defendants

4

regarding their behavior throughout the foreclosure process, namely, misleading the Plaintiffs about the possibility of a loan modification while pressing forward with the Sheriff's Sale.

Plaintiffs argue that the state court's final judgment in the foreclosure action and their instant suit against the Defendants are two analytically separate and independent proceedings, and therefore this Court has subject-matter jurisdiction over the suit. As their main piece of evidence supporting this claim, Plaintiffs point to the significant legal differences between a state foreclosure action and the instant suit for damages.

First, mortgage foreclosure proceedings are brought *in rem*, pursuant to Pa.R.C.P. 1141, and their sole purpose is to obtain an *in rem* judgment.

Second, the *in rem* proceedings did not and could not include any personal liability claims for either Plaintiff or Defendant. *Newton Village Partnership v. Kimmel*, 424 Pa. Super. 53, 55 (Pa. 1993).

Third, trials in Pennsylvania on a mortgage foreclosure complaint are held solely by a judge, sitting without a jury.

Finally, and most significantly, in interpreting Pa.R.C.P. 1148, the Pennsylvania courts have held that the only counterclaims that can be brought in a mortgage foreclosure action are those pertaining to the *creation* of the mortgage. *Cunningham v. McWilliams, et als.*, 714 A.2d 1054 (Pa.Super. 1998). As a result, Plaintiffs could not assert their claims against the Defendants in the state foreclosure action, since their claims stem from Defendants behavior in the *foreclosure* process, rather than at the *creation* of the mortgage. Although this might appear to be legal hair-splitting at first glance, Plaintiffs have made a convincing argument that their claims for relief are not procedurally improper.

### A. *Rooker-Feldman*

Defendants argue that the instant suit should be dismissed under the *Rooker-Feldman* doctrine.

> [A] claim is barred by *Rooker-Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.

*In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Put more concisely, under *Rooker-Feldman*, a federal district court cannot act as an appellate court for state court judgments. *Id*. However, as Plaintiffs' stress, they are not seeking to have the state court foreclosure proceedings overturned. Rather, they are seeking damages in connection with Defendants behavior in allegedly getting Plaintiffs to sleep on their rights with promises of a loan modification. Again, these are claims distinct from the issues in the state proceedings and ones that could not have been raised there. As a result, this Court finds that *Rooker-Feldman* does not apply.

### B. Preclusion Doctrines

Defendants further contend that Plaintiffs claims are barred on claim preclusion, or *res judicata*, grounds. Federal courts, in applying *res judicata*, give the same preclusive effect to a final state court judgment as a state court would. *Turner v. Crawford Square Apartments*, *III, L.P.*, 449 F.3d 542 (3d Cir. 2006).

In Pennsylvania, *res judicata* is composed of two related principles: technical *res judicata* and collateral estoppel. *Marance v. W.C.A.B.*, 751 A.2d 1196 (Pa. Cmwlth. 2000).

Technical res judicata applies when four factors are present: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id*. In this case, however, while the parties are the same, the thing sued upon and the cause of action are different. The foreclosure proceeding was *in rem* and concerned solely with the legitimacy of the mortgage. Here, however, Plaintiffs are suing the Defendants *in personam* for their behavior surrounding the foreclosure proceedings. Similarly, the Plaintiffs are raising liability claims here against the Defendants that could not have been raised in the state foreclosure proceeding.

Likewise, collateral estoppel does not apply here either. Collateral estoppel, or issue preclusion, applies when the issue is identical to an issue decided in an earlier proceeding; there is a final judgment on the merits; the party to be estopped was a party to the earlier proceeding; the party had a "full and fair opportunity" to litigate the issue in the prior proceeding; and the prior determination was essential to the judgment. *Erisco Industries, Inc. v. W.C.A.B. (Luvine)*, 955 A.2d 1065 (Pa. Cmwlth. 2008). As mentioned above, the foreclosure proceeding is a much narrow procedure than the present one, and the sole focus of the former proceeding is to assess the legitimacy of the underlying mortgage. Here, the mortgage is not at issue, but rather Defendants behavior from the commencement of the foreclosure proceeding until the Sheriff's Sale. Defendants point to the wrongful foreclosure claims raised in the Plaintiffs petition to set aside the Sheriff's Sale, but that was not a jury proceeding and the standard of proof was different, and higher, than it would be in the instant suit. As a result, neither *res judicata* nor collateral estoppel bar the Plaintiffs' suit

from going forward.

## CONCLUSION

For the foregoing reasons, Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint will be denied. Plaintiffs' suit is not barred under *Rooker-Feldman* or on preclusion grounds. An appropriate order follows.


| 9/21/10 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY S. WAINRIGHT and JENNIFER LECHTER<br><br>Plaintiffs<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE SEASONED LOAN TRUST 2006-1, AND OCWEN LOAN SERVICING, LLC<br><br>Defendants | CIVIL ACTION NO. 3:09-CV-01637-ARC<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this  21st  day of September, 2010, **IT IS HEREBY ORDERED** that Defendants motion to dismiss is **DENIED**.

 /s/ A. Richard Caputo  
 A. Richard Caputo  
 United States District Judge